UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 06-CR-10310-MEL | |
| ) | | |
| KAREN L. SICHER, ) | | |
| Defendant ) | | |

MEMORANDUM AND ORDER

LASKER, D.J.

      Defendant Karen Sicher ("Sicher") moves, pursuant to 18 U.S.C. § 3572(d), to defer payment of her mandatory special assessment until her release from incarceration. For the reasons set forth below, defendant's motion is DENIED.

      Following her guilty pleas to 26 felony counts of uttering forged securities, health care program theft and tax evasion, Sicher was sentenced in August 2007 to 36 months of incarceration and ordered to pay a special assessment of $2,600. To pay down her special assessment, Sicher participates in the Inmate Financial Responsibility Program ("IFRP"), which requires her to contribute $277 each month from her commissary account. Sicher argues that although a prisoner's contribution through IFRP is technically voluntary, refusing to participate leads to losing important inmate privileges, such as using the telephone and access to the prison commissary to buy toiletries and non-

cafeteria food.  So that she may retain such essential privileges, Sicher claims she has no choice but to allow the Bureau of Prisons ("BOP") to debit her account each month to satisfy her special assessment.  Defendant argues, however, that she "cannot come close to paying" each monthly cost, which depletes any funds she has in her account and "works a severe, unjust, and unnecessary hardship on her."  Sicher therefore seeks an order directing the BOP and the IFRP to stop debiting her commissary account to pay down her mandatory special assessment until her release from incarceration.  She also requests that the U.S. Probation Department set a repayment schedule for her assessment to begin at the start of her supervised release.

      In response, the United States first notes that Sicher's inmate counselor determined her monthly payment by first subtracting 20% from defendant's available funds.  Also, over the past six months, Sicher deposited $3,169.39 into her commissary account and paid $854.49 total toward her assessment over that same time period.  The Government, therefore, implies that Sicher's monthly special assessments do not work an unnecessary financial hardship on her while she is incarcerated.

      The United States also asserts that Sicher's motion is one to revise the terms of her judgment.  Rule 35(a) of the Federal Rules of Criminal Procedure governs such a motion and only permits courts to correct a sentence that resulted from

"arithmetical, technical, or other clear error" within seven days of entry. FED. R. CRIM. P. 35(a).  Since Sicher's amended sentence was entered on August 28, 2007, nearly one year ago, her motion to revise the terms of her judgment is now time-barred.

Moreover, the Government argues that Sicher has not exhausted her administrative remedies.  If she objects to how the BOP calculated her monthly special assessment, Sicher first must pursue administrative remedies with the BOP.  See United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996); see also C.F.R. §§ 542.10-.16, 541.19 (outlining administrative process by which inmates may lodge complaints relating to their imprisonment).

Finally, the Government argues that Sicher's participation in the IFRP is voluntary.  By partaking in the program, she in turn receives certain benefits to which other inmates are not entitled.  If defendant wishes to continue participating in the IFRP, she must abide by the terms of her agreement.  Sicher also has the opportunity to review her payment plan with her inmate counselor every six month, with her next review scheduled for October 12, 2008.

When sentenced in August 2007, Sicher was ordered to pay an assessment of $2,600, which was due immediately at the time of her judgment.  18 U.S.C. 3572(c) and (d), however, do not relate to assessments but to fines.  The statute under which Sicher has moved to defer her monthly special assessment payments

is thus inapplicable.  Further, Rule 35 does not allow the Court to act.  Defendant's Motion to Defer Payment on Mandatory Special Assessment until Defendant's Release, therefore, is DENIED.

It is so ordered.


Dated:     August 28, 2008
           Boston, Massachusetts       /s/ Morris E. Lasker
                                            U.S.D.J.